UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   ECF case
GREG DEVANY

                        Plaintiff,

                                                              **COMPLAINT AND
                                                     DEMAND FOR JURY TRIAL**

   v.

UNITED PARCEL SERVICE, INC.
                            Defendant.
-------------------------------------------------------------------X

The Plaintiff by his attorneys, Law Offices of Lauren Goldberg, PLLC, as and for his complaint against the Defendant alleges:

## NATURE OF THE ACTION

1. Plaintiff was employed as a supervisor by Defendant and brings this civil action pursuant to the to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et. seq.* (ADA), New York State Human Rights Law (NYSHRL), N.Y. Executive Law §296 *et seq.* and the New York City Human Rights Law (NYCHRL), N.Y.C. Admin Code §8-107 *et. seq.*

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and §1343 as this action involves a federal question regarding the deprivation of plaintiff's rights under the ADA, 42 U.S.C. § 12101 et seq. This Court has supplemental jurisdiction over plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. §1367(a).

3. Venue against all Defendants lies in this judicial district pursuant to 28 U.S.C. § 1391 (b) as this action arose within the Southern District of New York and is where the unlawful practices alleged herein occurred.

## PROCEDURAL REQUIREMENT

4. Mr. Devany filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of the ADA 42 U.S.C §§ 12101 et seq. and received a Right to Sue Letter dated June 29, 2018.

## PARTIES

5. Mr. Devany is domiciled in the State of New York.

6. Plaintiff was perceived to have a "disability" as that term is defined by 42 U.S.C. § 12102(1), New York Executive Law § 292(21), and Administrative Code of the City of New York § 8-102(16).

7. United Parcel Service ("UPS") is a corporation which provides package delivery.

8. UPS has one of its main offices located at 643 West 43rd Street, New York New York 10036.

9. At all relevant times, Defendant was an "employer" within the meaning of 42 U.S.C §12111(5) of the ADA, Section 292(5) of the NYSHRL and §8- 102 (5) of the NYCHRL.

10. Upon information and belief, during all relevant times, Defendant employed more than 50 employees.

## FACTS

11. Initially, from 1993 to 2000, Mr. Devany was a driver for UPS. In 2000, he became a supervisor and remained a supervisor for 17 years.

12. Mr. Devany was subjected to discrimination on his record of having a disability and/or on the basis of UPS regarding him as having a disability in violation of the Americans with Disabilities Act of 1999, as well as the New York State and New York City Human Rights Laws.

13. Defendants regarded Mr. Devany as suffering from alcoholism and have discriminated against him because of their perception of his having this disability and/or because he had a record of suffering from alcoholism.

14. In late February 2017, Mr. Devany went out on disability in order to get treatment for alcoholism.

15. At the time he underwent treatment, Mr. Devany's alcoholism was an impairment that substantially limited one or more major life activities, including working and concentrating.

16. Before going out on leave, Plaintiff talked with Thomas Francis, his division manager, as well as two business managers, Willis Rodriguez and Dennis O'Sullivan about his need for medical leave. Defendant was aware that he was taking medical leave and agreed that he should take the medical leave.

17. Plaintiff went to treatment for approximately six weeks and was able to return to work after finishing his treatment.

18. In the beginning of May 2017, Mr. Devany informed Defendant that he was ready to return to work.

19. After telling Defendant that he was ready to work again, Mr. Francis terminated his employment.

20. Mr. Devany disputed his termination and within a few weeks, Defendant allowed him to return to work.

21. Upon returning to work, however, Mr. Francis treated Mr. Devany as though he had a "disability."

22. Upon returning to work, Mr. Devany was scrutinized and monitored very closely by Mr. Francis.

23. On a daily basis, Mr. Francis would continually stare at Mr. Devany and ask Mr. Devany whether he was ok.

24. Although the Plaintiff had been a supervisor at UPS for 17 years, Mr. Francis treated the Plaintiff as though he was not doing his job correctly.

25. Although Mr. Devany had never used dispatch sheets on a regular basis before he went out on disability, Mr. Francis critiqued the Plaintiff and reprimanded him for not using dispatch sheets when he returned.

26. Mr. Francis even threatened the Plaintiff by saying, "I will send you to Suffolk since they don't use a dispatch sheet."

27. Plaintiff's usage of a dispatch sheet was never an issue prior to his going out on leave.

28. During dispatch, Mr. Francis would hover over the Plaintiff as though he did not believe Mr. Devany could give out assignments as he had been doing for the past 17 years.

29. At some point during the summer of 2017, Mr. Francis even told Mr. Devany, "I wish I had never brought you back."

30. At the beginning of October 2017, after feeling that he had been under constant scrutiny at work, Mr. Devany went out on disability on October 6, 2017 because of the stress of the job.

31. Plaintiff returned to work on October 23 and worked the entire week.

32. Mr. Devany decided to take a few personal days on October 30, 31 and 1st.

33. On November 2, 2017, Plaintiff was told to report to work at 10:00 am.

34. Mr. Devany was fired shortly after he reported to work on November 2, 2017.

35. Doug Trandiak, the human resources manager, stated that Mr. Devany was being terminated because he was out of compliance with the therapy visits that UPS wanted him to do in regard to his prior treatment for alcoholism.

36. Mr. Trandiak's alleged reason, however, was pretextual.

37. Although Plaintiff had briefly discussed therapist visits with Defendant when he first told Defendant that he was ready to return to work, no one ever told him about any timeline that he had to follow in regard to the therapy visits or gave him any specifics.

38. The day Mr. Devany was terminated was the first and only time anyone had mentioned anything to him regarding the visits since the day he returned to work.

39. At all relevant times, Mr. Devany was qualified to perform his job as defined by the ADA.

40. Defendants terminated his employment because they regarded Mr. Devany as suffering from alcoholism and/or because of his record of having a disability in February 2017.

41. Prior to the Plaintiff's leave in February 2017, Mr. Devany had been well respected and well liked within his department.

42. Upon returning from his treatment, however, Mr. Francis and his subordinates treated Mr. Devany as though he had an impairment and ultimately fired him.

43. As a result of Defendant's discriminatory treatment, Mr. Devany has suffered and continues to suffer economic damages, including but not limited to past and future income, compensation, and other benefits.

44. As a result of Defendant's discriminatory treatment, Mr. Devany has suffered and continues to suffer loss of career fulfilment and harm to his career as well as to his personal and professional reputation.

45. As a result of Defendant's discriminatory treatment, Mr. Devany has suffered and continues to suffer mental anguish and emotional distress.

46. Defendant's treatment was intentional, done with malice and/or showed a deliberate willful and wanton or reckless disregard for Plaintiff's rights under all relevant laws.

## AS AND FOR A FIRST CAUSE OF ACTION
## (ADA)

47. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

48. Defendants unlawfully discriminated against Plaintiff on the basis of his disability in violation of the Americans with Disabilities Act by terminating him because Defendants regarded him as disabled and/or because of his record of disability.

49. As a proximate result of Defendants' discriminatory actions, Mr. Devany has, and continues to suffer loss of past and future wages and benefits, past and future emotional distress, humiliation, embarrassment, and loss of professional reputation.

## AS AND FOR A SECOND CAUSE OF ACTION
## (NYSHRL)

50. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

51. Defendants unlawfully discriminated against Plaintiff on the basis of his disability in violation of the NYSHRL by terminating him because Defendants regarded him as disabled and/or because of his record of disability.

52. As a proximate result of Defendants' discriminatory actions, Mr. Devany has, and continues to suffer loss of past and future wages and benefits, past and future emotional distress, humiliation, embarrassment, and loss of professional reputation.

### AS AND FOR A THIRD CAUSE OF ACTION
### (NYCHRL)

53. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

54. Plaintiff has been discriminated against by Defendant on the basis of his disability in violation of the New York City Human Rights Law by terminating him because they regarded him as disabled and/or because of his record of disability.

55. As a proximate result of Defendants' discriminatory actions, Mr. Devany has, and continues to suffer loss of past and future wages and benefits, past and future emotional distress, humiliation, embarrassment, and loss of professional reputation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Devany respectfully requests that this Court enter a judgment in his favor and against defendant, awarding the following relief:

(a) An award of damages in an amount to be determined at trial to compensate plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, and fringe benefits;

(b) An award of damages in an amount to be determined at trial to compensate plaintiff for all non-monetary and/or compensatory damages, including but not limited to compensation for severe mental anguish, anxiety, stress, humiliation, embarrassment, and emotional distress;

(c) An award of any and all other monetary and/or non-monetary losses suffered by plaintiff in an amount to be determined at trial;

(d) An award of punitive damages;

(e) An award of all costs that plaintiff has incurred in this action, including reasonable attorneys' fees; and

(h) Such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
July 25, 2018

LAW OFFICES OF LAUREN GOLDBERG, PLLC

By: _____

LAUREN GOLDBERG (LG: 9890)
Attorney for Plaintiff
65 Broadway, 7th Floor
New York, N.Y. 10006
(646) 452-8380