UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREG DEVANY,

               Plaintiff,

     - against -                               **ORDER**

UNITED PARCEL SERVICES, INC.,          18 Civ. 6684 (PGG)

          Defendant.

PAUL G. GARDEPHE, U.S.D.J.:

       In this employment discrimination action, Plaintiff Greg Devany – who worked

for Defendant United Parcel Services, Inc. ("UPS") as a supervisor – claims that UPS terminated

him due to his actual or perceived alcoholism, in violation of the Americans with Disabilities

Act, the New York State Human Rights Law, and the New York City Human Rights Law.

(Cmplt. (Dkt. No. 3))  UPS contends that Devany was terminated not for alcoholism but for his

violation of a "last-chance agreement."[1]  (Def. Opp. (Dkt. No. 48) at 2)  According to Devany,

UPS's stated reason for his termination was pretextual.  (Pltf. Obj. (Dkt. No. 46) at 1)

       In a June 17, 2019 letter (Dkt. No. 39), Devany seeks to compel UPS to produce

the following categories of documents:

---

[1]  "Last chance agreements" give employees who suffer from substance or alcohol abuse an
opportunity to retain their jobs by, for example, participating in rehabilitation programs.  E.g.,
Manns v. United Airlines, No. 13 Civ. 668 (CBA) (LB), 2016 WL 6826761, at *10 (E.D.N.Y.
Nov. 17, 2016) ("[R]ather than fire [plaintiff] immediately – as it would have been justified in
doing – [defendant] . . . offered [plaintiff] the opportunity to continue his employment pursuant
to a Last Chance Agreement, which required that he participate in [defendant's] Employee
Assistance Program and submit to a behavioral health evaluation.").  Courts in this Circuit have
repeatedly held that "[t]erminating [p]laintiff[s] for violating . . . last chance agreement[s]
constitutes a legitimate, non-discriminatory justification for termination."  Merkl v. Allied Bldg.
Prod., Corp., No. 09-CV-03085 DLI JMA, 2013 WL 1346032, at *9 (E.D.N.Y. Mar. 28, 2013)
(citing Mayo v. Columbia Univ., No. 01 Civ. 2002 (LMM), 2003 WL 1824628, at *6 (S.D.N.Y.
Apr.7, 2003)).

- documents pertaining to three individuals who lost stock benefits because of disciplinary actions;

- documents regarding disciplinary actions, reinstatements and terminations of nine individuals who had been given either a Last Clear Chance Agreement and/or a Return to Work Agreement; and

- documents pertaining to full-time supervisors and/or managers in the North Atlantic District who were terminated and subsequently reinstated from 2014-2017.

(Pltf. Ltr. (Dkt. No. 39) at 1-3) (emphasis omitted)

UPS opposes Devany's application, arguing that it has already "turned over thousands of documents, including documents . . . relating to all other supervisors who were subject to Employment Agreements, Last Chance Agreements, and those who were referred to treatment through [American Substance Abuse Professionals]."  (Def. Ltr. (Dkt. No. 40) at 2)

On June 21, 2019, this Court referred the parties' discovery dispute to Magistrate Judge Robert W. Lehrburger.  (Dkt. No. 42)  On June 26, 2019, Judge Lehrburger issued an order that "denied in part and granted in part" Devany's application.  (Order (Dkt. No. 45))  As relevant here, Judge Lehrburger concluded that:

> [t]he only potentially relevant comparators to Plaintiff are supervisors who had offenses related to drug or alcohol abuse or failure to comply with mandated treatment requirements.  Records related to supervisors who had other types of offenses are of minimal to no relevance, and Plaintiff's demands for them are not proportional to the needs of the case.  Accordingly, Plaintiff's motion in this respect is denied.

(Id.)

On July 8, 2019, Devany objected to Judge Lehrburger's order.  (Pltf. Obj. (Dkt. No. 46))  According to Devany, Judge Lehrburger improperly limited the scope of document production to documents involving supervisors accused of offenses related to drug or alcohol abuse or failure to comply with mandated treatment requirements.  (Id. at 1-2)  Devany contends

that he "needs to obtain all documents that will help illustrate that [UPS's] reason for terminating him was pretextual." (Id. at 1)  The requested documents, Devany argues, are evidence of UPS's generally "lenient disciplinary nature," which make it more likely that the reason for Devany's termination was a pretext. (Id. at 4-5)

UPS opposes Devany's objection, arguing that Devany has filed six sets of document requests and that "UPS has turned over thousands of documents." (Def. Opp. (Dkt. No. 48) at 3)  According to UPS, "supervisors who were disciplined for performance issues unrelated to drugs or alcohol cannot arguably be considered 'comparators' to Plaintiff," and therefore "the documents requested by Plaintiff are not relevant." (Id. at 3-4)

Under Rule 72 of the Federal Rules of Civil Procedure, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' if the reviewing court is left with the definite and firm conviction that a mistake has been committed." R.F.M.A.S., Inc. v. So, 748 F. Supp. 2d 244, 248 (S.D.N.Y. 2010) (citation omitted).  "Similarly, a finding is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Id.  "This is a highly deferential standard, and the objector thus carries a heavy burden." Khaldei v. Kaspiev, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013).  "A magistrate judge possesses wide discretion in handling discovery disputes." Misas v. N.-Shore Long Island Jewish Health Sys., No. 14-CV-8787 (ALC) (DJF), 2016 WL 4082718, at *3 (S.D.N.Y. July 25, 2016); see also, e.g., U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc., No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007) ("A magistrate judge is best qualified to judge the entire atmosphere of the discovery process. . . . Therefore, his

3

rulings on discovery matters are entitled to substantial deference.") (internal quotation marks omitted).

As discussed above, Devany contends that he needs documents related to other UPS employees to show that the stated reason for his termination was pretextual. To make this showing, however, the other employees must be similarly situated to Devany, and they must have engaged in similar misconduct. See, e.g., Rivera v. City of Torrington Bd. of Educ., No. 3:06-CV-1752(WWE), 2008 WL 2414306, at *4 (D. Conn. June 12, 2008) ("Plaintiff contends that defendants' reasons for his termination were pretextual because other employees committed similar violations and were not fired. A showing that similarly-situated employees outside the protected class received more favorable treatment can serve as evidence of pretext, but only if the plaintiff shows that he was 'similarly situated in all material respects' to the comparators. . . . To be similarly situated in all material respects, a plaintiff must show that the individuals were subjected to the same discipline standard and that these individuals engaged in conduct comparable to that of the plaintiff.") (quoting Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000)).

Here, Devany does not explain how supervisors who were not accused of "offenses related to drug or alcohol abuse or failure to comply with mandated treatment requirements" (Order (Dkt. No. 45)) could be similarly situated to him. That employees accused of different types of misconduct may have been subjected to less severe disciplinary measures has – as the magistrate judge found – little to no relevance. E.g. Albury v. J.P. Morgan Chase, No. 03 CIV. 2007 (HBP), 2005 WL 746440, at *10 (S.D.N.Y. Mar. 31, 2005) (coworker was not similarly situated where his "offense was qualitatively different from plaintiff's"). The Court therefore agrees with Judge Lehrburger that the production of these materials would be

disproportionate to the needs of this case.  See Homeward Residential, Inc. v. Sand Canyon

Corp., No. 12 Civ. 5067 (AT) (JLC), 2016 WL 11662178, at *3 (S.D.N.Y. Feb. 3, 2016)

("[R]ecent amendments to Rule 26 of the Federal Rules of Civil Procedure were enacted to

'encourage judges to be more aggressive in identifying and discouraging discovery overuse' by

emphasizing the need to analyze proportionality before ordering production of relevant

information. . . .") (quoting Rule 26(b)(1) advisory committee's notes to 2015 amendment).

For these reasons, Devany has not met his heavy burden to demonstrate that Judge

Lehrburger's ruling was clearly erroneous or contrary to law.  His objection (Dkt. No. 46) is

therefore denied.

Dated: New York, New York
          October 2, 2020                          SO ORDERED.

                                                   Paul G. Gardephe
                                                   United States District Judge